## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DELISCIA MCANN, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| WALMART INC., | : | |
| and | : | |
| WALMART SUPERCENTER #2040 | : | |
| and | : | |
| ABC CORPORATIONS (1-10) | : | |
| and | : | |
| JOHN/JANE DOE(S) (1-10) | : | |
|     Defendants. | : | JURY TRIAL DEMANDED |

### DEFENDANTS WALMART INC. AND WALMART SUPERCENTER #2040'S NOTICE OF REMOVAL

Defendants Walmart Inc. and Walmart Supercenter #2040 (more properly identified as Walmart Supercenter #2040 and hereinafter referred to as "Walmart" or "Defendants"), file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Camden County, Docket No.: CAM-L-000556-22, where it is now pending, to the United States District Court for the District of New Jersey. Defendants, in support thereof, states as follows:

1. Plaintiff Deliscia McCann (hereinafter "Plaintiff") commenced this action by filing a Complaint on or about March 3, 2022 in the Superior Court of New Jersey, Law Division, Camden County, bearing Docket Number CAM-L-000556-22. *See* Plaintiff's Complaint attached hereto as Exhibit "A."

2. Plaintiff's Complaint alleges that on March 15, 2020, Plaintiff suffered injury when she slipped and fell as a result of a wet substance on the ground at Walmart store # 2040, located at 2106 Mount Holly Rd., Burlington, NJ. *See* Exhibit "A" ¶¶ 7, 8, 11, 13.

3. Plaintiff's Complaint failed to specify the nature of Plaintiff's injuries or resulting treatment, but rather only made vague, non-specific allegations regarding her resulting damages. *Id.* at ¶ 13(a-j).

4. On April 8, 2022, Defendants responded to Plaintiff's Complaint by filing its Answer with Affirmative Defenses and discovery requests. *See* Walmart's Answer with Affirmative Defenses, attached hereto as Exhibit "B"; *see also* Correspondence to Plaintiff's Counsel regarding Walmart's discovery requests, attached hereto as Exhibit "C."

5. On July 22, 2022, Plaintiff provided a response to Walmart's Demand for Statement of Damages. *See* Plaintiff's Response to Walmart's Demand for Statement of Damages, attached hereto as Exhibit "D."

6. In that response, Plaintiff advised Walmart that she was seeking $165,000 in damages. *Id.*

7. The State Court wherein this action was originally filed is located in Camden County, New Jersey, which is embraced within this jurisdictional district.

8. Removal from the Superior Court of New Jersey, Law Division, Camden County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

9. Moreover, removal is proper under 28 U.S.C. § 1446(c)(2)(A)(ii), which allows a defendant to assert an amount in controversy in its notice of removal if the initial pleading seeks a money judgment when the state practice either precludes a plaintiff from demanding a specific sum or permits a plaintiff to recover damages in excess of the amount demanded.

10.   For the reasons set forth more fully below, this Court has original jurisdiction under 28 U.S.C. §1332 because the properly named parties are citizens of different states, and the matter in controversy exceeds $75,000.

### A. PLAINTIFF IS DIVERSE FROM ALL PROPERLY JOINED DEFENDANTS

11.   "The party asserting diversity jurisdiction bears the burden of proof." *McCann v. George W. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3rd Cir. 2006).

12.   "Citizenship is synonymous with domicile, and the domicile of an individual is his true and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Id.* (internal quotations omitted).

13.   "A party generally meets this burden by proving diversity of citizenship by a preponderance of evidence." *Id.* at *286.

14.   Plaintiff failed to aver her residency in her Complaint. *See* Exhibit "A."

15.   Plaintiff also failed to provide her address in her discovery responses, despite it being a required disclosure in response to New Jersey's standard Form "A" Interrogatories. *See* Plaintiff's Form "A" Interrogatory Responses, attached hereto as Exhibit "E", Interrogatory No. 1.

16.   Despite these failures, Walmart is still able to prove, by a preponderance of the evidence, that Plaintiff is a citizen of the State of New Jersey.

17.   In her Form "A" Interrogatory Responses, Plaintiff advised that her date of birth is August 2, 1966. *Id.*

18.   According to the New Jersey Division of Elections, Deliscia McCann, date of birth August, 1966, is registered to vote in Camden County, New Jersey[1]. *See* Exhibit "F."

---

[1] In the interests of protecting Plaintiff's privacy, Plaintiff's Voter ID has been redacted. Upon request, an unredacted copy of Exhibit "F" can be provided for *in camera* review.

19. As such, it is clear, by a preponderance of the evidence, that Plaintiff is domiciled in New Jersey.

20. Thus, Plaintiff is a citizen of New Jersey.

21. Under 28 U.S.C. § 1141(b)(1) the citizenship of Defendants ABC Corporations 1-10 and John/Jane Doe(s) 1-10 are disregarded for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50 (3d Cir. 2002) ("there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants . . .").

22. On March 15, 2020, and at all times since, the subject premises, located in Burlington, New Jersey, was maintained and operated by Wal-Mart Stores East, LP, unnamed in this action.

23. Wal-Mart Stores East, LP, is a Delaware limited partnership with its principal place of business located in Bentonville, Arkansas. It is a citizen of Delaware. Walmart Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Wal-Mart Stores, Inc. (WMSI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware

corporation (WMSI). None of Wal-Mart Stores East, LP's limited or general partners are citizens of the State of New Jersey, so the requirements of diversity jurisdiction are satisfied.

24. Walmart, Inc. is a Delaware corporation, with its principal place of business located in Bentonville, Arkansas, and thus is a citizen of both the states of Delaware and Arkansas.

25. Walmart Store #2040 is not a legally existing entity.

26. As such, collectively Defendants are a citizen of the States of Delaware and Arkansas, and not the State of New Jersey.

27. Accordingly, Plaintiff is diverse from the named Defendants, as well as the unnamed operating entity of the subject premises, and the requirements for removal based on diversity of citizenship are satisfied.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.

28. Defendants have reason to believe that Plaintiff's damages exceed $75,000 based upon Plaintiff's $165,000 Statement of Damages. *See* Exhibit "D."

29. Where a case started by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also*, § 1446(c)(3)(A).

30. Based on the four corners of Plaintiff's Complaint alone, Defendants could not have reasonably or intelligently concluded that the amount in controversy exceeded the jurisdictional minimum.

31. Plaintiff's Complaint does not allege any specific injury, course of treatment, surgical intervention, complication in recovery, or amount in controversy. *See* Generally Exhibit "A."

32. Rather, Plaintiff relies on standard, boilerplate language in reference to her alleged damages. Id. at ¶ 13(a-j).

33. Thus, Walmart had no means of ascertaining the amount in controversy until it received Plaintiff's Statement of Damages.

34. As such, Plaintiff's Statement of Damages establishes, for the first time, that the amount in controversy exceeds the jurisdictional limit of $75,000.

35. Based on the foregoing, including Plaintiff's allegations of injuries and Plaintiff's demand letter seeking $750,000 in damages, Defendants submit that the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000, exclusive of interest and costs, and the requirements for removal are satisfied.

36. Further, this Notice of Removal is filed within thirty (30) days of service of the other paper in which Plaintiff indicated that the case's value exceeded $75,000, thus warranting removal. *See* 28 U.S.C. § 1446(b)(3).

37. As such, Walmart's removal is timely, as it has been filed within 30 days of receipt of the "other paper" in the form of Plaintiff's Statement of Damages.

38. Removal from Superior Court of New Jersey, Law Division, Camden County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

39. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

40. Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied and the within matter is properly removable.

**WHEREFORE**, Defendants Walmart Inc. and Walmart Supercenter #2040 (more properly identified as Wal-Mart Stores East, LP) respectfully requests that this State Action be removed from the Superior Court of New Jersey, Law Division, Camden County, to the United States District Court for the District of New Jersey.

                                                **MCDONNELL & ASSOCIATES, P.C.**

Dated: August 22, 2022        By:    */s/ Sean K. Ruckenstein*
                                                  Patrick J. McDonnell, Esquire
                                                  Sean K. Ruckenstein, Esquire
                                                  *Attorneys for Walmart Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DELISCIA MCANN, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| WALMART INC., | : | |
| and | : | |
| WALMART SUPERCENTER #2040 | : | |
| and | : | |
| ABC CORPORATIONS (1-10) | : | |
| and | : | |
| JOHN/JANE DOE(S) (1-10) | : | |
|     Defendants. | : | JURY TRIAL DEMANDED |

I, Sean K. Ruckenstein, Esquire, hereby certify that on August 22, 2022, the foregoing Notice of Removal on behalf of Defendants Walmart Inc. and Walmart Supercenter #2040's (more properly identified as Wal-Mart Stores East, LP) was filed electronically with the Court and is available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic mail on this same date on the following:

Vincent F. Presto, Esq.
**Master Weinstein Moyer, P.C.**
8 East Main Street
P.O. Box 866
Moorestown, NJ 08033
*Attorney for Plaintiff*

    I hereby certify that the above statements are true. I am aware that if any of the above statements by me are willfully false, I am subject to punishment.

**MCDONNELL & ASSOCIATES, P.C.**

Dated: August 22, 2022        By:    */s/ Sean K. Ruckenstein*
                                                              Patrick J. McDonnell, Esquire
                                                              Sean K. Ruckenstein, Esquire
                                                              *Attorneys for Walmart Defendants*