# EXHIBIT A

**EXHIBIT A**

**MASTER WEINSTEIN MOYER, P.C.**
By: Vincent F. Presto, Esquire (I.D. #028861990)
8 East Main Street
P.O. Box 866                                                                 Attorneys for Plaintiff
Moorestown, NJ 08033
856-427-6500 *phone*
856-427-6502 *facsimile*

| | |
|---|---|
| DELISCIA McCANN | : SUPERIOR COURT OF NEW JERSEY |
|     Plaintiff | : LAW DIVISION- CAMDEN COUNTY |
| | : |
|     v. | : NO.: |
| | : |
| WALMART INC.; WALMART | : |
| SUPERCENTER #2040; | : |
| ABC CORPORATIONS 1 through 10; | : **CIVIL ACTION COMPLAINT;** |
| and JOHN/JANE DOE(S) 1 through 10 | : **DESIGNATION OF TRIAL COUNSEL;** |
| | : **CERTIFICATION PURSUANT TO N.J.R.** |
| | : **4:5-1; DEMAND FOR JURY TRIAL;** |
| | : **DEMAND FOR DISCOVERY** |
|     Defendants. | : |

Plaintiff DELISCIA McCANN by counsel, hereby demand damages from defendant(s) herein and in support thereof aver:

1. Plaintiff DELISCIA McCANN is an adult individual who resides at the address set forth above.

2. Defendant WALMART INC., is an organized and existing entity conducting business in Camden County, within the State of New Jersey.

3. Defendant WALMART SUPERCENTER #2040 is an organized and existing entity conducting business in Camden County, within the State of New Jersey.

4. Defendants ABC CORPORATION(S) 1 through 10 and JOHN/JANE DOE(S) 1 through 10 are fictitious entit(ies) and/or person(s), which/who, at all times relevant to this action, (a) owned, operated, maintained, inspected and/or controlled the premises and store at 2106 Mount Holly Road, Burlington, NJ 08016, known as the "Walmart Supercenter" on or

about the date and time of the incident described herein, and/or (b) were responsible for inspecting, maintaining, the premises and store and/or for implementing and enforcing policies and procedures for identifying and correct unsafe conditions within the store, and/or for training personnel and staff on those policies and procedures, on or about the date and time of the incident described herein.

5. At all times relevant to this action, Defendants acted, or failed to act, by and through its/their duly authorized agents, representatives, employees, and/or servants, who, at all times relevant to this action, acted, or failed to act, in the course of and within the scope of his/her/their actual, apparent, and/or ostensible authority.

6. At all times relevant to this action, Defendants herein are or may be successor, predecessor, and/or parent corporations, subsidiaries, and/or entities who have undergone names changes, mergers, consolidations, etc., and are liable for the acts, errors, and/or omissions of former, predecessor, successor, and/or subsidiary or related entities.

7. At all times relevant to this action, Defendants owned, occupied, operated, maintained, possessed, managed, oversaw and/or controlled the store and all improvements, merchandise, merchandise displays, fixtures, shelving, inventory, merchandise, products, instrumentalities, equipment, and/or appurtenances thereon and/or therein, located at its store at 2106 Mount Holly Road, Burlington, NJ 08016.

8. At all times relevant to this action, there existed a dangerous and defective condition(s) on, of, and upon the premises, including but not limited to a slippery and/or wet spill or substance on the floor, a wet and slippery floor surface.

9. At all times relevant to this action, the dangerous and defective condition(s) described herein was/were caused by or existed because of the direct and/or vicarious and joint and/or several negligence of Defendants, and/or existed for a period of time sufficient for the Defendants to have known of it/them, to have given warnings of it/them, and/or to have cured or corrected it/them and were of such a nature that defendant did or should have expected that plaintiff would not be aware of it/them.

10. At all times relevant to this action, Defendants are negligent for creating and/or allowing the dangerous and defective condition(s) to exist, failing to properly maintain, inspect, operate, detect and/or control the premises and/or warn about the dangerous and defective condition(s).

11. On or about March 15, 2020, Plaintiff DELISCIA McCANN was an invitee at the premises described above and was caused injury when she slipped and fell because of the dangerous and unsafe condition(s) described above and/or due to the direct and/or vicarious negligence of the defendant(s), including but not limited to causing the dangerous and unsafe condition(s), failing to detect, discover, correct, and warn about the dangerous and unsafe condition(s) and/or failing to supervise, train or hire competent staff or implement or enforce and/or train personnel on safety policies and procedures.

12. This incident was the direct and proximate result of the joint and/or several and direct and/or vicarious negligence of the Defendant(s).

13. As a direct and proximate result of the joint and/or several and direct and/or vicarious negligence of the Defendant(s), Plaintiff(s) DELISCIA McCANN has sustained

injuries and damages which may include:

    (a)    Personal injuries;

    (b)    Medical expenses for the diagnosis, treatment, and care of the said personal injuries;

    (c)    Past pain;

    (d)    Future pain;

    (e)    Past suffering;

    (f)    Future suffering;

    (g)    Embarrassment and humiliation;

    (h)    Past loss of enjoyment of life and life's pleasures;

    (i)    Future loss of enjoyment of life and life's pleasures;

    (j)    Other injuries and damages suffered as a natural and probable result of the said personal injuries.

## COUNT I-DELISCIA MCCANN VS. ALL DEFENDANT(S)

14.    Plaintiff repeats and incorporates by reference all prior paragraphs.

15.    Plaintiff hereby avers that on account of the joint or several and direct and/or vicarious negligence of Defendant(s), Plaintiff sustained damages, losses, and injuries.

16.    At all times relevant to this action, Defendant(s) acted, or failed to act, either in his/her/their/its own right, and/or by and through the duly authorized agents, representatives, work persons, employees, servants, contractors, or assigns, who, at all times relevant to this action, acted, or failed to act, within the course and scope of his, her, their actual apparent ostensible agency and/or authority.

**WHEREFORE**, Plaintiff(s) DELISCIA McCANN demand(s) judgment against Defendant(s), jointly and/or severally, for compensatory damages, together with interest, costs, and fees, if recoverable, plus pre-judgment interest, if warranted, in addition to such other and further relief as this Court deems just.

**MASTER WEINSTEIN MOYER, P.C.**

By: */s/ Vincent F. Presto*

VINCENT F. PRESTO, ESQUIRE
Attorney for Plaintiff(s)

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

**MASTER WEINSTEIN MOYER, P.C.**

By: */s/ Vincent F. Presto*

VINCENT F. PRESTO, ESQUIRE
Attorney for Plaintiff(s)

## CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that to the best of my knowledge, information and belief, there are no other actions pending in any court, or any pending arbitration proceedings, nor is any other action or arbitration proceeding contemplated in connection with this matter. Additionally, I hereby certify that there is no non-party who should be joined in this action pursuant to R. 4:28 or who is subject to joinder pursuant to R. 4:29-1(b).

**MASTER WEINSTEIN MOYER, P.C.**

By: */s/ Vincent F. Presto*

VINCENT F. PRESTO, ESQUIRE

Attorney for Plaintiff(s)

## DESIGNATION OF TRIAL COUNSEL

VINCENT F. PRESTO, is hereby designated as trial counsel on behalf of Plaintiff.

**MASTER WEINSTEIN MOYER, P.C.**

By: */s/ Vincent F. Presto*
_____
VINCENT F. PRESTO, ESQUIRE
Attorney for Plaintiff(s)

## DEMAND FOR DISCOVERY

Pursuant to R. 4:17-1(b), Plaintiff demand that Defendants serve Answers to Form C and C(2) Interrogatories and the accompanying Request to Produce within sixty (60) days of service of his Answer to Plaintiff's Complaint.

**MASTER WEINSTEIN MOYER, P.C.**

By: */s/ Vincent F. Presto*
_____
VINCENT F. PRESTO, ESQUIRE
Attorney for Plaintiff,
Deliscia McCann

# Civil Case Information Statement

### Case Details: CAMDEN | Civil Part Docket# L-000556-22

**Case Caption:** MCCANN DELISCIA  VS WALMART, INC.
**Case Initiation Date:** 03/03/2022
**Attorney Name:** VINCENT F PRESTO
**Firm Name:** MASTER WEINSTEIN MOYER, PC
**Address:** 8 EAST MAIN ST PO BOX 866
MOORESTOWN NJ 08057
**Phone:** 8564276500
**Name of Party:** PLAINTIFF : McCann, Deliscia
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Deliscia McCann?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/03/2022
Dated

/s/ VINCENT F PRESTO
Signed