# EXHIBIT B

**EXHIBIT B**

141.269

**MCDONNELL & ASSOCIATES, P.C.**
By:   Patrick J. McDonnell, Esquire
Attorney I.D. No.  026781991
pmcdonnell@mcda-law.com
By: Sean K. Ruckenstein, Esquire
Attorney I.D. No. 153282016
sruckenstein@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Ste. 5B
King of Prussia, PA 19406
Telephone – (610) 337-2087
Facsimile – (610) 337-2575

*Attorneys for Walmart Defendants*

| | |
|---|---|
| DELISCIA McCANN,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>WALMART INC.<br>and<br>WALMART SUPERCENTER #2040.<br>and<br>ABC CORPORATIONS 1-10<br>and<br>JOHN/JANE DOE(S) 1-10<br>　　　　　　　Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>CAMDEN COUNTY<br>LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO.: CAM-L-000556-22<br><br>**DEFENDANTS WALMART INC AND WALMART SUPERCENTER #2040'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, ANSWER TO ANY AND ALL CROSSCLAIMS, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR DISCOVERY, CERTIFICATIONS AND JURY DEMAND** |

　　　　Defendants Walmart Inc. and Walmart Supercenter #2040 (more properly identified as Wal-Mart Stores East, LP and hereinafter referred to as "Walmart" and "Answering Defendants"), by and through their undersigned counsel, by way of Answer with Affirmative Defenses to Plaintiff's Complaint, hereby aver as follows:

　　　　1.　　　　Denied.  Walmart denies the averments in this paragraph to the extent that they make no allegation against Walmart.  By way of further answer, there is no address set forth at any point in Plaintiff's Complaint.

2. Denied. Walmart Inc. is a Delaware corporation with a principal place of business located in Bentonville, Arkansas. By way of further answer, the subject premises were operated by Walmart Stores East, LP on the date referenced in the Complaint.

3. Denied.

4. Denied. The averments in this paragraph are directed to other parties and as such, Walmart need not respond. To the extent that they are directed at Walmart, they are denied.

5. Denied. Walmart is unable to respond to allegations against unnamed agents, representatives, employees, and/or servants; and as such the averments in this paragraph are denied.

6. Denied. To the extent the averments in this paragraph are directed to other parties Walmart need not respond. To the extent that they are directed at Walmart, they are denied.

7. Denied. By way of further answer, on the date referenced in the Complaint, the subject premises were owned by Midmall Resources Limited Partnership, leased by Wal-Mart Real Estate Business Trust, and operated by Wal-Mart Stores East, LP.

8. Denied.

9. Denied.

10. Denied.

11. Admitted in part, denied in part. It is admitted only that Plaintiff was at the subject premises on the date referenced in the Complaint. All other averments in this paragraph are denied.

12. Denied.

13. (a-j) Denied.

**WHEREFORE**, Answering Defendants hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## COUNT I
### Deliscia McCann v. All Defendants

14. Walmart incorporate the paragraphs above as though fully set forth herein.

15. Denied.

16. Denied. Walmart is unable to respond to allegations against unnamed agents, representatives, work persons, employees, servants, contractors, or assigns and as such, these averments are denied.

**WHEREFORE**, Answering Defendants hereby demand judgment in their favor and against Plaintiff, together with costs and attorneys' fees in this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiff could have minimized damages through care or treatment, Plaintiff's claims are barred insofar as Plaintiff failed to mitigate damages.

### SECOND AFFIRMATIVE DEFENSE

While denying any fault with respect to the subject matter of the Complaint, Walmart states that insofar as such fault on its part may be found, such fault did not proximately cause any damages allegedly sustained by Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by intervening and/or superseding causes to the extent discovery reveals.

### FOURTH AFFIRMATIVE DEFENSE

Walmart breached no duty to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Walmart is entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries arising from the wrong alleged pursuant to *N.J.S.A.* 2A:15-97, and *Perreira v. Rediger*, 169 N.J. 399 (2001) including, but not limited to, any medical bills or costs paid or reduced by health insurance coverage.

### SIXTH AFFIRMATIVE DEFENSE

Walmart reserves the right to move to dismiss the Complaint at any time prior to, at, or during trial on the ground that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by res judicata and/or collateral estoppel to the extent that discovery reveals.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that all parties and claims are not joined, Plaintiff's causes of action may be barred by the Entire Controversy Doctrine.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery from Walmart, if any, shall be diminished by the percentage of the total negligence attributable to any other liable parties in this action, under the New Jersey Joint Tortfeasor Contribution Act, *N.J.S.A.* 2A:53A-1, *et seq.*, the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1, *et seq.*, and *Young v. Latta*, 123 N.J. 584 (1991).

### TENTH AFFIRMATIVE DEFENSE

The alleged incident complained of resulted from circumstances beyond the control of Walmart.

### ELEVENTH AFFIRMATIVE DEFENSE

Walmart demands apportionment for any and all monies paid due to acts, conduct, negligence, committed by any co-defendant, third-party defendant, settled defendant, dismissed parties, or parties that were not joined by Plaintiff within the applicable statute of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action are barred to the extent that they have been waived.

### THIRTEENTH AFFIRMATIVE DEFENSE

Walmart incorporates by reference all affirmative defenses asserted by any co-defendant or third-party defendant in this action, whether such defense was asserted prior or subsequent to this pleading.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to take due care for her own safety.

### FIFTEENTH AFFIRMATIVE DEFENSE

Walmart reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to avoid an open and obvious condition and/or assumed the risk of injury.

### ANSWER TO ANY AND ALL CROSSCLAIMS

Walmart denies each and every crossclaim filed against it or to be filed against it in this action.

### DEMAND PURSUANT TO Rules 1:5-1(a) and 4:17-4(c)

**PLEASE TAKE NOTICE** that the undersigned attorney for Walmart hereby demands that each party herein serving pleadings and/or discovery and/or receiving papers responsive thereto serve copies of all such pleadings, discovery and documents received from any party upon the undersigned and **PLEASE TAKE FURTHER NOTICE** that this is a continuing demand.

### DEMAND FOR DISCOVERY

Please take notice that Walmart requests from Plaintiff certified answers to New Jersey Uniform Form "A" Interrogatories as found in the Appendix to the New Jersey Rules of Court, 2015 and the attached Supplemental Interrogatories, Document Demand, and Statement of Damages.

### DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded pursuant to R. 1:8-2 and R. 4:35-1.

## **DESIGNATION OF TRIAL COUNSEL**

Please take notice that Patrick J. McDonnell, Esquire, is hereby designated Trial Counsel.

                                               **MCDONNELL & ASSOCIATES, P.C.**

**Dated: April 8, 2022**                By:    */s/    Sean K. Ruckenstein*
                                                           Patrick J. McDonnell, Esquire
                                                           NJ Attorney ID: 026781991
                                                           Sean K. Ruckenstein, Esquire
                                                           NJ Attorney ID: 153282016

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, there are no other actions currently pending or contemplated. The undersigned hereby certifies that the subject matter of this litigation is not the subject of any other action pending in any other Court and is not the subject of any pending arbitration proceeding, nor is there any such action or arbitration proceeding contemplated. There are no other parties who should be joined in this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**MCDONNELL & ASSOCIATES, P.C.**

**Dated: April 8, 2022**         By:    /s/    Sean K. Ruckenstein
                                          Patrick J. McDonnell, Esquire
                                          NJ Attorney ID: 026781991
                                          Sean K. Ruckenstein, Esquire
                                          NJ Attorney ID: 153282016
                                          *Attorneys for Walmart Defendant*

## CERTIFICATE OF SERVICE

I, Sean K. Ruckenstein, Esquire, hereby certify that Defendants Walmart Inc. and Walmart Supercenter #2040's (more properly identified as Wal-Mart Stores East, LP) Answer to Plaintiff's Complaint with Affirmative Defenses, Designation of Trial Counsel, Demand for Discovery, Certification and Jury Demand was filed via eCourts on April 8, 2022 and is available for viewing and download by counsel of record listed below:

Vincent F. Presto, Esq.
**Master Weinstein Moyer, P.C.**
8 East Main Street
P.O. Box 866
Moorestown, NJ 08033
*Attorney for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/    Sean K. Ruckenstein*
Sean K. Ruckenstein, Esquire

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-000556-22**

**Case Caption:** MCCANN DELISCIA VS WALMART, INC.
**Case Initiation Date:** 03/03/2022
**Attorney Name:** SEAN RUCKENSTEIN
**Firm Name:** MC DONNELL & ASSOCIATES PC
**Address:** METROPOLITAN BUSINESS CENTER 860 FIRST AVENUE UNIT 5B
KING OF PRUSSIA PA 19406
**Phone:** 6103372087
**Name of Party:** DEFENDANT : WALMART SUPERCENTER #2040
**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PERSONAL INJURY
**Document Type:** Answer W/Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: DELISCIA MCCANN?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/08/2022                                                                               /s/ SEAN RUCKENSTEIN
Dated                                                                                                    Signed